# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RALPH KENMORE,

               Plaintiff,

vs.

FRED TOCO a.k.a. FRED TOCCO, et al.,

               Defendants.

Case No. 2:06-cv-00673-JCM-PAL

**ORDER**

(M/Strike - #40)
(M/Strike - #45)
(M/Clarification - #46)
(M/Enlargement of Time - #47)

    This matter is before the court on series of motions filed by the plaintiff, and a motion filed by the defendant. Plaintiff filed his Motion to Strike Pursuant to FRCP Rule 11 and 12 Defendants Counsel's Notice of Invalid Service and Acceptance of Service for Defendants in Civil Right Litigation (#40) on November 7, 2006. He later filed a Notice of Signed Affidavit of Paul Klein (#41) to correct the missing signature on an identical copy of the affidavit attached as an exhibit to the motion. The defendants filed an Opposition (#43) on November 17, 2006. No reply was filed, and the time to do so has run. On November 30, 2006, the plaintiff filed a Motion to Strike All Pleadings Filed in Civil Rights Litigation Because of False Representations of Unofficial Counsel (#45). The defendants filed an Opposition (#51) on December 19, 2006. No reply was filed, and the time to do so has run. On November 30, 2006, the plaintiff filed a Motion for Clarification of Defendants Date of Service and Final Determination (#46). The defendants filed an Opposition (#52) on December 19, 2006. No reply was filed, and the time to do so has run. The defendants filed two copies of a second Opposition (#48, #49) on December 18, 2006, which purport to be an opposition to both the Motion to Strike (#45) and the Motion for Clarification (#46).[1]  Finally, the defendants filed a Motion for Enlargement of Time

///

---

[1] The plaintiff did not object to the defendants filing two oppositions to two of his motions. Therefore, the court will consider the additional oppositions. The defendants are instead simply reminded of the provisions of Local Rule 7-2(b), which only provides for a single response or opposition to a motion.

(Second Request) (#47) on December 6, 2006.  The plaintiff filed an Opposition (#50) on December 14, 2006, and the defendants filed a Reply (#53) on December 20, 2006.

**I.     Motions to Strike and for Clarification**

    **A.     Procedural History**

Though the plaintiff seeks a variety of forms of relief in these motions, taken together they reveal that the plaintiff is most concerned with the service of process in this case.  On September 22, 2006, summons were issued as to defendants J. Crawford, H. Skolnik, C. Cox, M. Marsh, S. Foster, Tim Cristolli, Silver State Industries, Inc., Glen Whorton, Brian Williams, Shelby Automobiles, Inc., Tom D'Antonio, and Fred Toco.  (See Summons, ## 9-21.)  On October 17, 2006, the court received copies of unexecuted summons returns for defendants J. Crawford, H. Skolnik, C. Cox, S. Foster, Tim Cristolli and Glen Whorton (See Summons Returns, ## 21, 22, 24, 25, 27, 28.)  That same day, the court received summons returned executed on October 11, 2006 for defendants Silver State Industries, Inc., M. Marsh, Brian Williams, Shelby Automobiles, Inc., Tom D'Antonio and Fred Toco.  (See Summons Returns, ## 23, 26, 29, 30, 31 and 32.)  Each of the executed summons returns indicates that summons and the complaint were served upon "Kerry A. Miller, AAII."  (Id.)

On October 31, 2006, the Nevada Attorney General's Office filed a "Notice of Invalid Service and Notice of Acceptance of Service" (#35).  In it, the Attorney General explains that Kerry Miller is a Nevada Department of Corrections ("NDOC") employee whom NDOC Administrative Regulation 357 does not allow to accept service on behalf of NDOC employees because she is not the "designated employee."  The Attorney General describes Ms. Miller's acceptance of service on behalf of Silver State Industries, Inc., M. Marsh, Brian Williams, Shelby Automobiles, Inc., Tom D'Antonio and Fred Toco as an "inadvertent mistake" and invalid for purposes of service under the Federal Rules of Civil Procedure.  Notwithstanding this error, the Attorney General voluntarily accepted service on behalf of Silver State Industries, Inc., Fred Tocco, Brian Williams, and Maryann Marsh.  Additionally, the Attorney General stated "as to Glen Whorton, Sheryl Foster, Greg Cox and Howard Skolnik counsel for those Defendants also accept [sic] service on their behalf."  (Notice, #35 at 3:8-10.)  The Attorney General never actually explains who "counsel for those Defendants" is, but from subsequent filings, it appears that all of the defendants on whose behalf the Attorney General claims to accept service

1  through the Notice (#35) are represented by Assistant Chief Solicitor General Gary Pulliam.  The
2  Attorney General goes on to explain that Shelby Automobiles and its employee Tom D'Antonio are not
3  employees of NDOC or the State of Nevada, and therefore the Attorney General will not accept service
4  on their behalf.  In the conclusion, the Attorney General states without explanation that it will also not
5  accept service on behalf of Tim Cristilli or Jackie Crawford.

**B.     Parties' Arguments**

In his motions, the plaintiff argues that Kerry Miller was authorized to accept service on behalf of the defendants because she works for NDOC and the cited administrative regulation is not binding upon the federal courts.  He acknowledges, however, that Tim Cristilli and J. Crawford have not been served.  He asserts that the Attorney General's argument that Ms. Miller was not authorized to accept service is simply an attempt to obscure from the plaintiff the proper method for service upon the defendants.  Based upon the timing of the service of the complaint upon Ms. Miller, he contends that the defendants are in default for failing to timely respond to his complaint.  Additionally, he alleges that defendant Brian Williams ("Williams") "wilfully, intentionally and deliberately" took all of the copies of the summons and complaint from Ms. Miller and did not provide them to the named defendants, but instead held them for over two weeks and finally turned them over to the Attorney General on October 31, 2006.  The plaintiff believes that Williams held on to all the copies of the summons and complaint because he was scared to turn them over to his superior and to the Attorney General's office, and that Williams only turned over the summons and complaint to the Attorney General's office after the plaintiff served a copy of a request for discovery upon defendant M. Marsh who professed not to know that plaintiff had filed suit against her.  He argues that Williams' actions resulted in the named defendants never receiving copies of the summons and complaint.  From this allegation, the plaintiff concludes that the Attorney General is representing the named defendants without having received written requests – and thus authority – from the named defendants to do so.  He further argues that the Attorney General may not cure this defect because based upon the timing of service of the complaint, the defendants are time-barred by Nevada Revised Statute ("NRS") 41.0339 from formally requesting the Attorney General from representing them, and therefore the defendants are without counsel.  The plaintiff characterizes the Attorney General's purported representation of the defendants as

3

1  "misrepresented" and "unlawful," and on that basis seeks to have all documents filed by the Attorney
2  General stricken from the court's record.
3     The Attorney General responds that plaintiff's service upon Ms. Miller was invalid, and
4  therefore the date of acceptance of service of process must be calculated from October 31, 2006 – the
5  date the Attorney General voluntarily accepted service on behalf of some of the defendants – not
6  October 12, 2006 – when Ms. Miller accepted service – and thus the defendants have not missed the
7  time to file a responsive pleading and are not in default. The Attorney General further states that he[2]
8  may have "jumped the gun on acceptance of service," but did so in anticipation of the court ordering the
9  Attorney General to file a notice of acceptance of service. The Attorney General apologizes for the
10 confusion, and indicates that the Notice of Invalid Service (#35) was filed as a courtesy to the plaintiff
11 to avoid the complication of having to file a motion to quash and the plaintiff having to re-attempt
12 service. The Attorney General disclosed that under Administrative Regulation 357, Nancy Sanders is
13 the designated employee for NDOC, and Carol Sweeny is the person who must accept service at the
14 Attorney General's office in Carson City, Nevada. Additionally, the Attorney General disputes the
15 plaintiff's contention that it does not represent the defendants. The Attorney General states that under
16 NRS 41.0339, the defendants have 15 days from the date of service, which the Attorney General
17 measures from October 31, 2006, to formally request service, and as of its November 17, 2006
18 Opposition (#35), it had received oral requests from all defendants. The Attorney General anticipated
19 that formal written requests would follow. The Attorney General also explains that "[s]ince service was
20 originally improper the clock never started running until the office accepted service. In essence the
21 acceptance of service does not automatically translate to representation. The individual could employ
22 their own counsel or represent themselves." (Opp. #43 at 2:26-3:2.)
23     **C.     Analysis**
24     Personal service of summons and the complaint by a United States Marshal upon an individual
25 is presumed to be valid. Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955), Butler v. McKey,
26
27
     [2]At the time these actions occurred, the Attorney General was George Chanos. Catherine Cortez
28 Masto assumed office on January 7, 2007.

1  138 F.2d 373, 376-77 (9th Cir. 1943).  Only if the defendant challenges the sufficiency of personal
2  service, is it "the party on whose behalf service is made who has the burden of establishing its validity."
3  Wells v. City of Portland, 102 F.R.D. 796, 799 (D. Or. 1984) (citing Familia De Boom v. Arosa
4  Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980)); see also Harris Rutsky & Co. Ins. Services v.
5  Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).

6        After Ms. Miller, an employee at NDOC, accepted service on behalf of most of the defendants
7  when she was not permitted by Administrative Regulation to do so, the Attorney General filed a
8  purported "Notice of Invalid Service," rather than a motion to quash service.  Federal Rule of Civil
9  Procedure 12(b)(5) provides for the assertion of the defense of "insufficiency of service of process" by
10 responsive pleading or by motion.  It does not provide for the assertion of such defense by notice.
11 Restricting assertions of insufficiency of service of process to motions and responsive pleadings makes
12 sense because it is the court, not the parties, that determines the sufficiency of service.  Additionally,
13 because the Attorney General indicated it made a cognizant decision to issue its notice, rather than file a
14 motion to quash, the court will not interpret the notice as a procedurally proper challenge to the
15 sufficiency of service of process that would shift the burden to the plaintiff to establish the validity of
16 service.

17       The Attorney General explains that a notice was used in lieu of a motion to quash as a
18 convenience to the plaintiff because the Attorney General also accepted service on behalf of some of
19 the defendants.  Though the Attorney General may have had good intentions, the result – aside from its
20 procedural impropriety – has only complicated matters.  The Attorney General accepted service on
21 behalf of Silver State Industries, Inc., Fred Tocco, Brian Williams, Maryann Marsh, Glen Whorton,
22 Sheryl Foster, Greg Cox and Howard Skolnik, (collectively, "the State Defendants") but explained that
23 it could not accept service on behalf of Shelby Automobiles and its employee Tom D'Antonio.  With
24 respect to the State Defendants on whose behalf the Attorney General accepted service, what it really
25 did was simply ratify Ms. Miller's acceptance of service, because Ms. Miller's acceptance was never
26 challenged by way of a motion to quash.  Therefore, service on Ms. Miller is "valid" until properly
27 challenged, contrary to the Attorney General's claim in the Notice of Invalid Service.
28 / / /

By issuing a Notice of Invalid Service and then accepting voluntary service, the Attorney General believes that it can push back the date for acceptance of service from October 12, 2006 when Ms. Miller accepted service, to October 31, 2006 when the Attorney General accepted service, effectively giving itself more time to file a responsive pleading.  There is no basis in the Federal Rules of Civil Procedure for a party to alter the date of acceptance of service simply by declaring service invalid.  Furthermore, any requests for extensions of time to file a responsive pleading must be approved by the court.  The Attorney General seems to be aware of this requirement as it has filed two motions to extend time to respond to the complaint (docket ## 37, 47).  The first of these motions to extend time (#37) was filed on November 1, 2006 – exactly twenty days from the date Ms. Miller accepted service on behalf of the State Defendants.  The court granted in part the motion to extend time in an Order(#39) dated November 7, 2006.  Therefore, with respect to the State Defendants, the court need not decide the actual date of acceptance of service because the motion to extend time to respond to the complaint was timely filed when calculated from October 12, 2006 or October 31, 2006.

With respect to defendants Shelby Automobiles and Tom D'Antonio, the Attorney General stated that service upon them was "invalid" and it refused to voluntarily accept service on their behalf because, as it explained, these defendants are private entities and not part of NDOC.  Again, the court, not the Attorney General is the arbiter of the sufficiency of service of process.  Moreover, it is not clear on what basis the Attorney General filed its Notice of Invalid Service on these defendants' behalf when the Attorney General has been quite clear that she does not represent either of them.  A more sensible course of action would have been to pass along the summons and complaint to these defendants and allow them to file a motion to quash service since it does not appear that Ms. Miller has any relationship with them.  The plaintiff argues that these defendants have now been served and their failure to file a responsive pleading places them in default.  Proceeding as the plaintiff suggests, however, unfairly punishes Shelby Automobiles and Tom D'Antonio for the acts of NDOC employees and the Attorney General that were beyond their control.  Instead, the court will allow the plaintiff additional time to serve these defendants, and will order the Attorney General to promptly provide the plaintiff with an address for Shelby Automobiles and Tom D'Antonio where each may be served.

///

Finally, the plaintiff contends that the Attorney General may not represent any of the named defendants because the defendants did not formally request representation in writing pursuant to NRS 41.0339, and that the time to do so has run. The Attorney General indicates that it received oral requests from the defendants on whose behalf she voluntarily accepted service, but had not at the time of the most recent opposition received any written responses. The Attorney General appears to concede that even by its own calculation using October 31, 2006 as the date of service, none of the defendants had formally requested representation in writing within the time period prescribed by NRS 41.0339.

NRS 41.0339 provides that

> The official attorney shall provide for the defense, including the defense of cross-claims and counterclaims, of any present or former officer or employee of the state or a political subdivision, immune contractor or state legislator in any civil action brought against that person based on any alleged act or omission relating to his public duties or employment if:
> 1. Within 15 days after service of a copy of the summons and complaint or other legal document commencing the action, he submits a written request for defense:
>    (a) To the official attorney; or
>    (b) If the officer, employee or immune contractor has an administrative superior, to the administrator of his agency and the official attorney; and
> 2. The official attorney has determined that the act or omission on which the action is based appears to be within the course and scope of public duty or employment and appears to have been performed or omitted in good faith.

The language of NRS 41.0339 specifies the conditions under which the Attorney General is required to provide for the legal defense of certain individuals. It does not purport to limit the conditions under which it may provide for such individuals' defense. Indeed, NRS 41.03415 grants the Attorney General the discretion to determine whether to tender the defense of a person submitting a request for defense.

1  Moreover, plaintiff cites no authority for the proposition he has standing to complain about the Attorney
2  General's decision to defend these state defendants.

3  **II.     Motion for Extension of Time**

4  The State Defendants sought an additional 30 days to file an answer or other responsive
5  pleading. In a previous Order (#39), the court had granted in part and denied in part a previous request
6  for a 45 day extension of time to file a responsive pleading, and gave the State Defendants until
7  December 8, 2006 to file a responsive pleading. The State Defendants filed a Motion to Dismiss (#54)
8  on January 8, 2007. The State Defendants's counsel, the Attorney General, explains that the reason for
9  this delay was the difficulty contacting the individual defendants during the holidays. The plaintiff filed
10 an opposition in which he expressed incredulity that the State Defendants had not contacted the
11 Attorney General.

12 The court granted the State Defendants only 30 of the 45 days they requested in their first
13 motion for extension of time (#37) because the request was based on the need for a decision on the
14 State Defendants' motion for screening (#36). The court denied the motion as moot two days after it
15 was filed because the court had already screened the plaintiff's complaint. Since the motion to dismiss
16 has been filed, although one day late, the court will grant the State Defendants an additional day beyond
17 the 30 days requested.

18     Accordingly,

19     **IT IS SO ORDERED**

20     1.   Plaintiff's Motion to Strike Pursuant to FRCP Rule 11 and 12 Defendants Counsel's
21          Notice of Invalid Service and Acceptance of Service for Defendants in Civil Right
22          Litigation (#40) is DENIED.
23     2.   Plaintiff's Motion to Strike All Pleadings Filed in Civil Rights Litigation Because of
24          False Representations of Unofficial Counsel (#45) is DENIED.
25     3.   Plaintiff's Motion for Clarification of Defendants Date of Service and Final
26          Determination (#46) is GRANTED in part, and DENIED in part, as follows:
27 / / /
28 / / /

       a.    Defendants Silver State Industries, Inc., Fred Tocco, Brian Williams, Maryann Marsh, Glen Whorton, Sheryl Foster, Greg Cox and Howard Skolnik are deemed to have been properly served under Fed. R. Civ. P. 4 and to have timely requested an extension of time to file a responsive pleading.

       b.    The plaintiff shall have an additional 90 days from the date of this order to serve summons and the complaint on defendants Shelby Automobiles and Tom D'Antonio.

       c.    The Nevada State Attorney General shall **no later than 10 days from the date of this order** provide the plaintiff with an address at which defendants Shelby Automobiles and Tom D'Antonio may be served.

       d.    The motion is DENIED in all other respects.

4. The Clerk of the Court shall issue Summons to defendants Shelby Automobiles and Tom D'Antonio, and deliver the same to the U.S. Marshal for service. Plaintiff shall have 20 days in which to furnish the U.S. Marshal with the required Form USM-285. Within 20 days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, plaintiff must file a notice with the court identifying whether these defendants were served.

5. The defendants' Motion for Enlargement of Time (Second Request) (#47) is GRANTED.

Dated this 12th day of February, 2007.

                                                                    _____
                                                                    PEGGY A. LEEN
                                                                    UNITED STATES MAGISTRATE JUDGE