UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RALPH KENMORE,<br><br>   Plaintiff,<br><br>v.<br><br>FRED TOCO a.k.a. FRED TOCCO, et al.,<br><br>   Defendants. | 2:06-CV-00673 JCM (PAL)<br><br>Date:     N/A<br>Time:    N/A |

**ORDER**

Presently before the court are plaintiff's motions for default judgment (##72, 75), and plaintiff's motion to establish service date as October 12, 2006, and motion to strike pleading (##79, 80). Also before the court is defendants Tom D'Antonio and Shelby Automobiles' motion to set aside clerk's entry of default and opposition to plaintiff's motion (#81).

Plaintiff filed his complaint on September 22, 2007 (#8), alleging causes of action against state employees and entities, as well as a private individual and entity. He attempted to serve the private defendants D'Antonio and Shelby thereafter, but Magistrate Judge Leen issued an order (#58) determining that service was never properly effectuated. Judge Leen allowed the plaintiff an additional ninety days from February 12, 2007, to serve the summons and complaint on D'Antonio and Shelby.

On August 2, 2007, almost three months after the expiration of the ninety-day extension authorized by Judge Leen, plaintiff served D'Antonio and Shelby. Without first obtaining an entry

**James C. Mahan**
**U.S. District Judge**

1  of clerk's default as required by Fed. R. Civ. P. 55, the plaintiff filed a motion for default judgment
2  as to defendants D'Antonio and Shelby (#72) on August 29, 2007. On September 10, the plaintiff
3  filed a motion for clerk's entry of default (#74), which the clerk entered on the following day (#76).
4  The plaintiff also filed a second motion for default judgment as to D'Antonio and Shelby (#75) on
5  September 10, 2007. Defendants D'Antonio and Shelby filed an answer to the plaintiff's complaint
6  (#77) on September 13, 2007.

7  On September 26, 2007, the plaintiff filed duplicate motions to establish service date as
8  October 12, 2006 and to strike defendants D'Antonio and Shelby's untimely answer (##79, 80). On
9  October 15, 2007, D'Antonio and Shelby filed a motion to set aside the clerk's entry of default and
10 opposition to plaintiff's motion (#81). Plaintiff responded (#86) on October 24, 2007, and defendants
11 D'Antonio and Shelby replied (#87) on October 30, 2007.

12 Fed. R. Civ. P. 55 governs the issuance of default and default judgment. The rule outlines
13 a two-step process for obtaining a default judgment. First, a party must obtain default from the clerk
14 pursuant to Fed. R. Civ. P. 55(a). The court may later set aside the clerk's entry of default for good
15 cause. Second, pursuant to Fed. R. Civ. P. 55(b), either the clerk enters judgment (only where the
16 plaintiff's claim is for a certain sum or where or a sum that can be made certain by computation), or
17 the party must apply to the court for default judgment.

18 The Ninth Circuit has determined that "[f]actors which may be considered by courts in
19 exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to
20 the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
21 the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6)
22 whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal
23 Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72
24 (9th Cir. 1986).

25 Here, plaintiff obtained the clerk's default on September 11, 2007. The plaintiff's original
26 motion for default judgment (#72) requests a clerk's entry of judgment under FRCP 55(b)(1), but
27 a judgment by the clerk is inappropriate here because the plaintiff's claim is not for a certain sum
28

**James C. Mahan**
**U.S. District Judge**

1  and cannot be made certain by computation. The plaintiff's complaint (#8) requests damages in
2  excess of $10,000, which is not a certain sum. However, in the plaintiff's original motion for default
3  judgment (#72), the plaintiff requests that the clerk enter judgment in the amount of $1,479,954.00,
4  consisting of seemingly arbitrary figures. For example, he claims $1,109,328.00 in punitive damages.
5  Despite the plaintiff's attempt to quantify his damages in this fashion, the sum of his damages cannot
6  be made certain by computation. The issue of default judgment is therefore properly before the court
7  rather than the clerk.

8        Applying Fed. R. Civ. P. 55 and the *Eitel* factors, good cause exists to set aside the clerk's
9  entry of default, and default judgment is not proper. The plaintiff is presently litigating his claims
10 against the state defendants on the merits of the case, and will not be prejudiced by continuing to
11 litigate his claims against these defendants on the merits. Although the merits of the plaintiff's
12 substantive claim and sufficiency of the complaint are yet to be determined, the plaintiff seeks a large
13 sum of damages, $1,479,954.00, and the parties dispute the material facts. All parties have neglected
14 to proceed in a timely fashion; the plaintiff served his summons and complaint after the expiration
15 of Judge Leen's extension period for service, and defendants D'Antonio and Shelby filed their
16 answer (#77) three weeks after it was due. To the extent that the plaintiff expected this court to
17 excuse his own neglect in prosecuting this case, the defendants' neglect is also excusable. Finally,
18 the defendants clearly wish to proceed on the merits, which is favored by the Federal Rules. Each
19 factor that the Ninth Circuit set forth in *Eitel* disfavors granting default judgment in this case. It
20 follows that the defendants' answer should not be stricken.

21       Furthermore, although the plaintiff moves to establish the service date as October 12, 2006,
22 Judge Leen foreclosed all of the plaintiff's asserted service dates in her February 13, 2007, order, and
23 generously allowed the plaintiff an additional ninety days to serve these defendants.

24       Having reviewed all relevant documents in this matter, and pursuant to Fed. R. Civ. P. 55,
25 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff's motions for
26 default judgment (##72, 75), and plaintiff's motion to establish service date as October 12, 2006 and
27 motion to strike pleading (##79, 80), be and the same hereby is, DENIED.
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    IT IS FURTHER ORDERED that defendants Tom D'Antonio and Shelby Automobiles'
2 motion to set aside clerk's entry of default (#81), be and the same hereby is, GRANTED.
3    DATED this 11th day of December, 2007.

                                                                        */s/ James C. Mahan*
                                                      UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -