# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RALPH KENMORE,<br><br>      Plaintiff,<br><br>v.<br><br>FRED TOCO a.k.a. FRED TOCCO, et al.,<br><br>      Defendants. | 2:06-CV-00673 JCM (PAL)<br><br>Date:    N/A<br>Time:   N/A |

### ORDER

Presently before the court are defendants Fred Tocco, Brian Williams, Glen Whorton, Silver State Industries, Inc., Sheryl Foster, Maryann Marsh, Greg Cox, and Howard Skolnik's motion to dismiss (#54) and motion to stay (#98).

The plaintiff filed his complaint (#8) on September 22, 2006. On January 8, 2007, the defendants filed a motion to dismiss (#54), to which the plaintiff responded (#64) on April 16, 2007. The defendants replied (#65) on April 25, 2007. Due to a clerical error, the defendants' motion to dismiss came to the attention of the court only when the defendants filed a motion to stay discovery pending their motion to dismiss (#98) on December 14, 2007.

The plaintiff's civil right complaint (#8) requests relief under a wide variety of state and federal legal claims, including sexual harassment, equal protection of the law, due process of the law, the Eighth Amendment's prohibition against cruel and unusual punishment, the First Amendment, slander, defamation, and emotional distress. His claims arise out of a work program that the plaintiff

**James C. Mahan**
**U.S. District Judge**

attempted to participate in through prison industries at Southern Desert Correctional Center.

According to the complaint, the plaintiff interviewed in March 2005 with defendant Tom D'Antonio in an effort to gain employment with defendant Shelby Automobiles. The plaintiff claims that during the interview, D'Antonio asked the plaintiff whether he "had a problem with blacks and homosexuals" (#8 at 11), and that the plaintiff was subsequently not hired because of his answers to that question.

The plaintiff further alleges that subsequent to the interview, D'Antonio engaged in a conversation with defendant Tim Cristolli wherein D'Antonio stated that "plaintiff would never work for him, and they both laughed about it" (#8 at 12). After the plaintiff complained of D'Antonio's conduct, Cristolli purportedly "slandered, libeled, and defamed plaintiff as punishment for reporting the unlawful conduct of D'Antonio . . . to promote rumors, falsehoods and harassment" against the plaintiff (#8 at 12).

Finally, the plaintiff alleges that Fred Tocco told the plaintiff that another inmate, Paul Klein, was a homosexual in an attempt not only to end the friendship between the plaintiff and Klein, but also to "cause an act of hate crime homosexual violence to occur through and by use of [the] inmate population" (#8 at 12).

The defendants' motion to dismiss (#54) asserts two grounds for dismissal. First, the defendants argue that they are entitled to qualified immunity on plaintiff's claims because they are all state employees (# 54 at 3-5). Second, the defendants argue that the plaintiff's 42 U.S.C. § 1983 claim fails because the defendants' alleged conduct did not deprive the plaintiff of any federally protected right, because there is no constitutional right to employment (#54 at 5-6).

The motion to dismiss (#54) and the plaintiff's response to the motion (#64) also address and dispute the plaintiff's previous employment obtained through the prison employment program, although the plaintiff's complaint fails to detail the circumstances surrounding the employment. In his opposition, the plaintiff claims to have been employed through Silver State Industries (#64 at 3), and claims to have been terminated because he was assisting Klein in a sexual harassment suit. The defendants claim that the plaintiff's employment was terminated because of poor work performance

**James C. Mahan
U.S. District Judge**

- 2 -

1  (#54 at 3).

2  When considering a motion to dismiss for failure to state a claim upon which relief can be
3  granted pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts allegations made in the complaint as
4  true and construes the allegations in the light most favorable to the non-moving party. *Russell v.*
5  *Landrieu*, 621 F.2d 1037 (9th Cir. 1980). Although there is an obligation for courts to construe pro
6  se pleadings liberally and to afford pro se plaintiffs the benefit of any doubt, "[p]ro se litigants must
7  follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567
8  (9th Cir. 1987). Dismissal is warranted where the plaintiff would not be entitled to relief under any
9  set of facts that could be proved under the allegations in the complaint. *Id.*

10  Here, the plaintiff is not entitled to relief against these defendants under the facts alleged in
11  his complaint relating to his interview with defendant D'Antonio. The statements that Tocco
12  allegedly made regarding Klein do not give rise to a federal claim for the plaintiff. Furthermore, the
13  plaintiff has failed to allege facts establishing that these defendants may have harmed the plaintiff,
14  in a manner recognized by federal law, through any conduct related to the plaintiff's interview with
15  D'Antonio. Rather, the plaintiff merely makes conclusory allegations that the defendants have
16  violated his rights.

17  The plaintiff has alleged facts in his opposition which, if alleged in a pleading, could be
18  sufficient to defeat the defendants' motion to dismiss. He stated that he is assisting another inmate
19  in a Title VII sexual harassment claim, which could be a protected activity under 42 U.S.C. 2000e-
20  3(a). He stated that he was dismissed from employment, which is an adverse employment action
21  taken against him. Finally, the plaintiff maintained that he was dismissed as a result of his
22  participation in Klein's suit.

23  To the extent that the plaintiff can state a claim for retaliatory discharge under Title VII, the
24  court grants him leave to amend his complaint. Lacking a viable federal claim, the court declines to
25  maintain supplemental jurisdiction under 28 U.S.C. § 1367©) over the plaintiff's potential Nevada
26  state claims for discriminatory discharge.

27  Given the disposition of the plaintiff's claims against these defendants in this order, the
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  defendants' motion to stay discovery (#98) is moot.

2  Having reviewed all relevant documents in this matter, and pursuant to Fed. R. Civ. P.
3  12(b)(6),

4  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants Fred Tocco,
5  Brian Williams, Glen Whorton, Silver State Industries, Inc., Sheryl Foster, Maryann Marsh, Greg
6  Cox, and Howard Skolnik's motion to dismiss (#54), be and the same hereby is, GRANTED.

7  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except for the plaintiff's
8  retaliation claim under Title VII of the Civil Rights Act of 1964, the plaintiff's federal claims against
9  defendants Fred Tocco, Brian Williams, Glen Whorton, Silver State Industries, Inc., Sheryl Foster,
10 Maryann Marsh, Greg Cox, and Howard Skolnik, be and the same hereby are, DISMISSED with
11 prejudice.

12 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the plaintiff's state law
13 claims against defendants Fred Tocco, Brian Williams, Glen Whorton, Silver State Industries, Inc.,
14 Sheryl Foster, Maryann Marsh, Greg Cox, and Howard Skolnik, be and the same hereby are,
15 DISMISSED without prejudice.

16 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the defendants' motion
17 to stay (#98), be and the same hereby is, DENIED as moot.

18 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the plaintiff is hereby
19 GRANTED leave to amend his complaint, if he so desires, within twenty days, in order to plead a
20 retaliation claim under Title VII of the Civil Rights Act of 1964.

21 DATED this 24th day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**